1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BETTY HANSEN,

11            Petitioner,                        No. CIV S-08-2513 GGH P

12        vs.

13   TINA HORNBEAK,

14            Respondent.                 ORDER

15   _____/

16            Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma

18   pauperis.  Petitioner is presently incarcerated at Valley State Prison for Women in Madera

19   County.

20            In her application, petitioner challenges the 2007 decision by the Board of Parole

21   Hearings denying her parole.   It is established that a petitioner for habeas corpus relief under 28

22   U.S.C. § 2254 must name "the state officer having custody of him or her as the respondent to the

23   petition." Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir.1994).  The U.S.Supreme

24   Court recently reiterated that with certain infrequent exceptions not applicable here:

25            The federal habeas statute straightforwardly provides that the
              proper respondent to a habeas petition is "the person who has
26            custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243

                                                1

1   ("The writ, or order to show cause shall be directed to the person
    having custody of the person detained"). The consistent use of the
2   definite article in reference to the custodian indicates that there is
    generally only one proper respondent to a given prisoner's habeas
3   petition. This custodian, moreover, is "the person" with the ability
    to produce the prisoner's body before the habeas court. *Ibid.* We
4   summed up the plain language of the habeas statute over 100 years
    ago in this way: "[T]hese provisions contemplate a proceeding
5   against some person who has the immediate custody of the party
    detained, with the power to produce the body of such party before
6   the court or judge, that he may be liberated if no sufficient reason
    is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574, 5
7   S.Ct. 1050, 29 L.Ed. 277 (1885) (emphasis added); see also *Braden
    v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-495, 93
8   S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus"
    acts upon "the person who holds [the detainee] in what is alleged
9   to be unlawful custody," citing *Wales,* supra, at 574, 5 S.Ct. 1050);
    *Braden*, supra, at 495, 93 S.Ct. 1123 ("'[T]his writ ... is directed to
10  ... [the] jailer,'" quoting In the *Matter of Jackson*, 15 Mich. 417,
    439- 440 (1867)).  In accord with the statutory language and
11  *Wales*' immediate custodian rule, longstanding practice confirms
    that in habeas challenges to present physical confinement–"core
12  challenges"--the default rule is that the proper respondent is the
    warden of the facility where the prisoner is being held, *not the
13  Attorney General or some other remote supervisory official.*

14  Rumsfeld v. Padilla, 542 U.S. 426, 434-435, 124 S.Ct. 2711, 2717-2718 (2004) (emphasis

15  added) (refusing to recognize the Secretary of Defense as the custodian of military detainees, and

16  finding that the commander of the brig where Padilla was being held is the proper custodian).

17          See also Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) ("A

18  custodian 'is the person having a day-to-day control over the prisoner.  That person is the only

19  one who can produce 'the body' of the petitioner." Guerra v. Meese, 786 F.2d 414, 416

20  (D.C.Cir.1986) (Parole Commission is not custodian despite its power to release petitioner).  But

21  see Ortiz-Zandoval v. Gomez, 81 F.3d 891 (9th Cir. 1996) permitting the head of California

22  Corrections to be the proper custodian, but this case is in doubt after Padilla which held that a

23  remote supervisory official was not to be the custodian).

24          Thus, the proper custodian is the warden or sheriff in charge of the facility where

25  the prisoner is confined.

26  \\\\\

1    Any warden or sheriff in California is amenable to personal jurisdiction in the

2  Eastern District in cases alleging that the BPH improperly revoked parole because personal

3  jurisdiction is a state-wide, not individual district, concept.  However, venue concepts are

4  oriented to individual districts.  In habeas corpus cases, venue is proper: (1) in the district of

5  confinement, or (2) in the district of "conviction and sentencing."  28 U.S.C. § 2241(d).  Because

6  it is difficult to stretch "conviction and sentencing" into a decision revoking parole, only the first

7  venue option is appropriate.  Moreover, since prisoners are not normally transferred about for

8  parole eligibility or revocation hearings, the district of confinement would normally be the

9  district of "conviction and sentencing" anyway even if that rubric were utilized in the parole

10  eligibility setting.[1]

11    While this parole denial case is properly brought in the Eastern District, because

12  petitioner is incarcerated in Madera County which is located in the Fresno Division of the

13  Eastern District, the court orders this action transferred to the Fresno Division.  This court will

14  not rule on petitioner's request to proceed in forma pauperis.

15    Good cause appearing, IT IS HEREBY ORDERED that:

16    1. This action is transferred to the United States District Court for the Eastern

17  District of California sitting in Fresno; and

18  \\\\\

19  \\\\\

20

21    [1] If the literal interpretation of "conviction and sentencing" were to be employed, i.e., the
    district where petitioner suffered his underlying conviction, maintaining the action in that place
22  in parole suitability situations would not be as appropriate as having it in the place of
    confinement.  First, in the logistical sense, the issue of parole suitability has little to do with the
23  place of conviction – the court will not be concerned with the ease of mustering witnesses and
    evidence.  Secondly, even though the local government officials at the place of conviction may
24  retain an interest in having parole denied, habeas cases are handled by the state Attorney
    General's Office, and local officials are not involved in the federal court litigation regarding
25  review of the parole eligibility decision.  The issues involved in the federal court review will not
    center about the opinions of local officials, and even if it did, those opinions will be of record
26  already.

1    2.  All future filings shall reference the new Fresno case number assigned and

2    shall be filed at:

3    United States District Court
     Eastern District of California
4    2500 Tulare Street
     Fresno, CA 93721
5

6    DATED: November 6, 2008

7
                                            /s/ Gregory G. Hollows
8    _____
     GREGORY G. HOLLOWS
9    UNITED STATES MAGISTRATE JUDGE

10   GGH:009
     hans2513.tra
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26